IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00721-BNB

CLARENCE WALKER,

    Plaintiff,

v.

CONNOR,
WOOD,
HARRIS, and
SALAS,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 23 2010

GREGORY C. LANGHAM
CLERK

## ORDER

This matter is before the Court on Plaintiff's "Motion to Order Temporary Emergency Injunction Rule 65 F.R.C.P." filed on April 13, 2010. Plaintiff, Clarence Walker, seeks a preliminary injunction directing defendants to release to him the entire incident report, including witness and victim statements, photographs, and transcripts. In his Prisoner Complaint filed on March 30, 2010, Mr. Walker claims that his constitutional rights were violated in connection with a disciplinary conviction at the Denver County Jail.

The Court must construe the motion for a preliminary injunction liberally because Mr. Walker is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the motion will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits; that he will suffer irreparable injury unless the injunction issues; that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). A preliminary injunction is an extraordinary remedy, and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.* Because Mr. Walker is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. *See id.* at 1209.

The relief Mr. Walker seeks in the motion for a preliminary injunction essentially is a premature discovery request. Mr. Walker does not demonstrate a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury if no preliminary injunction is issued, that his threatened injuries outweigh whatever damage the proposed injunction may cause the opposing party, or that a preliminary injunction would not be adverse to the public interest. Therefore, the motion for a preliminary injunction will be denied. Accordingly, it is

ORDERED that the "Motion to Order Temporary Emergency Injunction Rule 65 F.R.C.P." filed on April 13, 2010, is denied.

DATED at Denver, Colorado, this  23rd   day of   April  , 2010.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00721-BNB

Clarence Walker
Prisoner No. 402871
Denver County Jail
P.O. Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 4/23/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk