IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00721-BNB

CLARENCE WALKER,
    Plaintiff,

v.

CONNOR,
WOOD,
HARRIS, and
SALAS,
    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 27 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Clarence Walker, is an inmate at the Denver County Jail in Denver, Colorado. Mr. Walker initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. On April 13, 2010, Mr. Walker filed an amended Prisoner Complaint that merely identifies the parties to the action and does not include any claims or request for relief.

The court must construe the complaints liberally because Mr. Walker is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Walker will be ordered to file a second amended complaint.

The court has reviewed the original complaint and the amended complaint and finds that both pleadings are deficient. As noted above, the amended complaint does

not include any claims or request for relief. Without even a reference to his original complaint, Mr. Walker apparently expects the court to incorporate into the amended complaint the claims and request for relief that are included in the original complaint. However, "an amended complaint supercedes the original complaint and renders the original complaint without legal effect." *Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007).

Furthermore, even if the court were to consider the amended complaint together with the original complaint, the court finds that the original complaint also is deficient. Mr. Walker does not allege specific facts in his first claim, a due process claim, that demonstrate how each named Defendant personally participated in the asserted due process violation. Although Mr. Walker also asserts two other claims in the original complaint, he fails to assert any facts in support of those claims.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). In order to state a claim in federal court, Mr. Walker "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Furthermore, personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Walker must show

that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable for constitutional violations committed by someone else on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986).

Therefore, if Mr. Walker wishes to pursue his claims in this action, he must file a second amended complaint that includes specific factual allegations in support of each asserted claim, including specific allegations of personal participation by each named Defendant. Accordingly, it is

ORDERED that Mr. Walker file **within thirty (30) days from the date of this order** a second amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Walker, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Walker fails to file a second amended complaint within the time allowed that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED April 27, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00721-BNB

Clarence Walker
Prisoner No. 402871
Denver County Jail
P.O. Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 4/27/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk